UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTONIO GARCIA, BRENDA GARCIA, ) <br> and AGENCIA GARCIA, INC., ) <br> Defendants. ) | No. 4:13 CV 2416 DDN |

**MEMORANDUM AND ORDER**

This action is before the court on the motion of defendants Antonio Garcia, Brenda Garcia, and Agencia Garcia, Inc. to dismiss the original complaint for lack of subject matter jurisdiction and for failure to state a claim (Doc. 6), to strike from the original complaint plaintiff's prayer for relief (Doc. 8), and to dismiss the first amended complaint for failure to state a claim (Doc. 12). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 21.) The court heard oral argument on March 7, 2014.

**I. BACKGROUND**

On November 27, 2014, plaintiff J & J Sports Production Inc. commenced this action against defendants Antonio Garcia, Brenda Garcia, and Agencia Garcia, Inc. (Doc. 1.) On January 7, 2014, plaintiff amended its complaint. (Doc. 11.)

According to plaintiff's first amended complaint, the following occurred. Plaintiff is a California corporation with its principal place of business in California. (Id. at ¶ 5.) Defendants Antonio Garcia, Brenda Garcia, and Agencia Garcia, Inc., a Missouri corporation, own, operate, and supervise a business under the name La Tejana in Bridgeton, Missouri. (Id. at ¶¶ 6-8.)

Plaintiff obtained the exclusive nationwide television distribution rights to what it describes in the amended complaint as the "Program." The "Program" is comprised of the telecast of the "Good v. Evil: Angel Cotto v. Antonio Margarito WBA Super World Light

Middleweight Championship Fight Program" and all undercard fights and commentary in the television broadcast which took place on December 3, 2011, in New York City, New York. (Id. at ¶ 10.) After it obtained the distribution rights to the Program, plaintiff entered into sublicensing agreements with various entities and granted them the right to publicly exhibit the Program to their patrons. (Id. at ¶ 11.) Plaintiff incurred substantial expenses marketing, advertising, promoting, administering, and transmitting the Program. (Id. at ¶ 12.) Aware of the unauthorized nature of their conduct, "Defendants and/or their agents, servants, workmen or employees" published and distributed the Program at the time of its transmission at La Tejana for the purpose of commercial advantage or financial gain. (Id. at ¶ 13.)

In Count I and Count II, plaintiff alleges violations of the Federal Communications Act under 47 U.S.C. §§ 553 and 605. (Id. at ¶¶ 9-22.) In Count III, plaintiff alleges conversion under Missouri state law. (Id. at ¶¶ 23-26.) Plaintiff seeks compensatory damages, statutory damages, punitive damages, attorney's fees, and costs. (Id. at 5-6.)

## II. MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendants move to dismiss the first amended complaint for failure to state a claim, arguing that the fact allegations in the complaint are insufficient to provide notice of the basis of the claims under the Federal Communications Act. Defendants further argue that plaintiff fails to state a claim for individual liability under the Federal Communications Act. Defendants also argue that plaintiff failed to state a claim of conversion, contending that plaintiff does not allege that they deprived possession and that the tort of conversion does not apply to intangible property such as the program. (Doc. 13.)

Plaintiff responds that its pleading adequately states a factual basis for its claims and for individual liability under the Federal Communications Act. It also responds that whether conversion applies to property such as the program has not been decided by Missouri law. (Docs. 24, 25.)

## III. MOTION TO DISMISS STANDARD

A motion to dismiss a complaint for failure to state a claim, under Fed. R. Civ. P. 12(b)(6), challenges the legal sufficiency of the complaint. See Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010); Young v. City of St. Charles, 244 F.3d

623, 627 (8th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555. Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## IV. DISCUSSION

Defendants move to dismiss, arguing that: (1) the fact allegations in the complaint are insufficient to provide notice of the basis of the claims under the Federal Communications Act; (2) plaintiff fails to state a claim for individual liability under the Federal Communications Act; and (3) plaintiff fails to state a claim of conversion.

**A. Sufficiency of Notice**

Defendants argue that they have insufficient notice regarding Counts I and II due to plaintiff's failure to identify any agents, servants, workmen, or employees, the audience for the illegally published program, and the nature of the commercial advantage or financial gain. The court recognizes a split among district courts for complaints pled in a manner similar to the instant amended complaint. Courts dismissing such complaints take issue with the liberal use of "and/or"[1] and the lack of specific factual allegations. See Joe Hand Promotions, Inc. v. Creative Entm't, LLC, 2013 WL 5651803, *3 (M.D. Fla. 2013); Joe Hand Promotions, Inc. v. Maryland Food & Entm't, LLC, 2012 WL 5879127, *3 (D. Md. 2012). Courts denying motions to dismiss find that the complaints include detail sufficient to notify the defendants of the claims against them. See Joe Hand Promotions, Inc. v. Hubbard, 2013 WL 2319354, *3 (E.D. Mo. 2013); Joe Hand Promotions, Inc. v. Crossroads Rest. & Lounge, Inc., 2013 WL 1787573, *2-3 (E.D. Mo. 2013).

---

[1] "And/or" is ordinarily understood as expressing both the disjunctive and conjunctive. Bryan Garner, *Garner's Modern American Usage*, 45 (Oxford U. Press 2003); http://www.merriam-webster.com/dictionary/and/or (viewed on June 13, 2014).

-3-

Twombly and Iqbal instruct federal courts to disregard conclusory statements, assume the truth of the remaining fact allegations, and determine whether such allegations entitle plaintiff to relief.  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).

Counts I and II allege violations of 47 U.S.C. §§ 553 and 605.  47 U.S.C. § 553 states, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."  47 U.S.C. § 605 states, "[N]o person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception."

At base, plaintiff's amended complaint alleges that plaintiff had the exclusive authority to permit the publication of the Program on December 3, 2011, and that defendants *and* their agent, servants, workmen, or employees published the Program without authorization at the time of its transmission at La Tejana in Bridgeton, Missouri, for financial gain, or alternatively that defendants *or* their agents, servants, workmen, or employees did so.  (Doc. 11 at ¶¶ 10-13.)  The court concludes that the failure to identify the particular agents, the audience, or the nature of financial gain does not render legally insufficient the notice provided by plaintiff's complaint.

**B. Individual Liability**

Defendants move to dismiss the Federal Communications Act claims against the individual defendants, arguing that plaintiff has failed to plead that the actions of the individual defendants and the actions of the corporate defendant are indistinguishable.  They cite Joe Hand Promotions, Inc. v. Sharp, 885 F. Supp. 2d 953 (D. Minn. 2012), which held that to sustain a claim of individual liability for corporate misconduct under the Federal Communications Act, a plaintiff must demonstrate no distinction between the conduct of the corporation and the individuals.  In Comcast of Illinois X v. Multi-Vision Electronics, Inc., 491 F.3d 938 (8th Cir. 2007), the Court of Appeals upheld the district court's determination that the individual and corporate entity were jointly and severally liable for a single course of conduct because the record indicated no distinction between the conduct of the individual and corporate entity.  Id. at 940, 947 ("Abboud was Multivision's only corporate officer and its sole owner, however.  His

deposition testimony demonstrates that he knew of the uses and features of the cable boxes Multivision sold, was intimately familiar with how cable services function, and was involved in setting company policy. Because the record shows no distinction between Abboud's actions and Multivision's, the district court did not err in making Abboud personally liable for the judgment").

In the case at bar, plaintiff does not plead that the individual defendants are liable for corporate conduct other than their own. Regarding each claim, plaintiff alleges that all "Defendants and/or" their agents, etc., acted as alleged. There is no allegation that any defendant or less than all of the defendants acted in a way different from how any other defendant or defendants acted. Rather, plaintiff alleges that the individual defendants are directly liable for their own conduct which was also the conduct of the corporate defendant.

Accordingly, because plaintiff does not allege that the individual defendants are vicariously liable for the corporate defendant's conduct, defendants' argument is without merit.

**C. Conversion**

Defendants argue that plaintiff fails to state a claim for Missouri common law conversion, contending that such a cause of action does not apply to intangible property such as the exclusive right to broadcast a program.[2] Plaintiff responds that the issue remains an open issue under Missouri law

"Where neither the legislature nor the highest court in a state has addressed an issue, the federal court must determine what the highest state court would probably hold were it called upon to decide the issue." Hazen v. Pasley, 768 F.2d 226, 228 (8th Cir. 1985); cf. Joe Hand Promotions, Inc. v. Hubbard, 2013 WL 2319354, *3 (E.D. Mo. 2013); Joe Hand Promotions, Inc. v. Crossroads Rest. & Lounge, Inc., 2013 WL 1787573, *2 (E.D. Mo. 2013).

Under Missouri law, "[c]onversion requires an intentional exercise of dominion or control over property that so seriously interferes with the owner's right of control that the interferer may justly be required to pay the owner the full value of the property." Kingfisher Hospitality, Inc. v. Behmani, 335 S.W.3d 486, 498 (Mo. Ct. App. 2011). "The law of conversion is concerned with possession, not title." Lacks v. R. Rowland & Co., Inc., 718 S.W.2d 513, 517

---

[2] Tangible property is defined as property that has physical form and characteristics. Black's Law Dictionary (9th ed. 2009). Intangible property lacks a physical existence. Id.

(Mo. Ct. App. 1986). The traditional limitation that conversion applied solely to tangible personal property has eroded. Schaefer v. Spence, 813 S.W.2d 92, 96 (Mo. Ct. App. 1991). Specifically, Missouri law allows conversion for intangible rights merged with a document, including negotiable instruments and engineering plans. Moore Equip. Co. v. Callen Const. Co., Inc., 299 S.W.3d 678, 682 (Mo. Ct. App. 2009); Colton, McMichael, Lester, Auman, Visnovske, Inc. v. Mueller, 896 S.W.2d 741, 743 (Mo. Ct. App. 1995); Chem. Workers Basic Union, Local No. 1744 v. Arnold Sav. Bank, 411 S.W.2d 159, 163 (Mo. 1966).

Here, plaintiff alleges conversion of its exclusive broadcasting rights rather than tangible property or intangible rights merged with a document. The sole Missouri case recognizing conversion for purely intangible property summarily upheld a trial verdict for the conversion of a trade name with no discussion of the law of conversion. Schnucks Twenty-Five, Inc. v. Bettendorf, 595 S.W.2d 279, 284-85 (Mo. Ct. App. 1979). In every other instance, Missouri courts have rejected such claims. See Emerick v. Mut. Ben. Life Ins. Co., 756 S.W.2d 513, 523-24 (Mo. 1988) (leasehold interest and debt); Schaefer v. Spence, 813 S.W.2d 92, 97 (Mo. Ct. App. 1991) (spice blend formula); Breece v. Jett, 556 S.W.2d 696, 710 (Mo. Ct. App. 1977) (debt); Norman Schuman Interiors, Inc. v. Sacks, 479 S.W.2d 200, 203 (Mo. Ct. App. 1972) (interior decorating services). The court concludes that Missouri courts have not extended the doctrine of conversion to purely intangible rights.

This court has previously recognized that no Supreme Court or Missouri Court of Appeals case opinion has directly considered whether a conversion claim will lie "for the pirating of a broadcast signal." Joe Hand Promotions, Inc. v. Hubbard, 2013 WL 2319354, *3. For that reason, the court decided not to dismiss the action at the pleading stage. Id. This court agrees that this is the correct procedure, because several issues remain unresolved. The case may involve the mixed factual and legal question of whether an electronic, digital signal has sufficient physical characteristics to support a cause of action for state common law conversion, which is indicated by the language of plaintiff's amended complaint. (Doc. 11, at ¶ 24 ("Defendants tortuously obtained possession of the Program and wrongfully converted it").

Accordingly, the court denies the motion to dismiss at the pleading stage plaintiff's claim of conversion.

## V.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendants Antonio Garcia, Brenda Garcia, and Agencia Garcia, Inc. to dismiss the amended complaint (Doc. 12) is denied.

**IT IS FURTHER ORDERED** that the motions of defendants Antonio Garcia, Brenda Garcia, and Agencia Garcia, Inc. to dismiss the original complaint (Doc. 6) and to strike (Doc. 8) are denied as moot.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 13, 2014.